ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 SEP 26 P 12: 48
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| RONALD G. MOBLEY, | ) |
| Plaintiff, | ) |
| v. | ) CV 107-123 |
| RBW LOGISTICS, INC., et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

As Plaintiff's original complaint was filed IFP, the Court attempted to screen it in accordance with the IFP statute. However, because of pleading deficiencies, the Court ordered Plaintiff to file an amended complaint. (Doc. no. 7). Specifically, the Court explained that in order to state a viable claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, Plaintiff must specifically allege the following: "(1)

he was within the protected age group, (2) he was adversely affected by an employment decision, (3) he was qualified to assume another position at the time of discharge, and (4) his employer intended to discriminate on the basis of age in reaching the decision at issue." (Id. at p. 2) (citing Rowell v. BellSouth Corp., 433 F.3d 794, 798 (11th Cir. 2005) (citing Williams v. General Motors Corp., 656 F.2d 120, 129 (5th Cir. 1981))). The Court noted that Plaintiff had failed to provide the Court with enough information to determine whether he is a member of "the protected age group," whether he was qualified to assume another position at the time of his discharge, and whether his employer intended to discriminate on the basis of age in making its decision to terminate him. (Doc. no. 7, pp. 2-3). The Court provided specific instructions to Plaintiff regarding the proper method for amending his complaint. (Id. at 3-4).

Plaintiff proceeded to file his first amended complaint, which the Court again attempted to screen. (Doc. no. 10). However, Plaintiff's first amended complaint again failed to meet the pleading requirements. As such, the Court reiterated the requirements for stating a viable claim under ADEA that it had explained in its prior Order. (Doc. no. 11, p. 3). Since Plaintiff's first amended complaint also contained allegations of racial discrimination, the Court also explained that in order to state a viable claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, Plaintiff must specifically allege the following: "(1) the plaintiff is a member of a protected class; (2) the plaintiff was subjected to an adverse employment action; (3) the plaintiff's employer treated similarly situated employees outside of . . . his protected class more favorably than he was treated; and (4) the plaintiff was qualified to do the job." (Doc. no. 11, p. 3) (citing EEOC

2

v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)). Moreover, Plaintiff failed to allege that he had filed a charge of discrimination with the EEOC or had received a "right to sue" letter from the EEOC. Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (*per curiam*) ("Prior to filing a Title VII action, however, a plaintiff first must file a charge of discrimination with the EEOC."). Finally, Plaintiff failed to provide the Court with enough information to determine whether he was a member of the "protected age group" for purposes of his ADEA claim and whether similarly situated employees outside his "protected class" were treated more favorably than he was treated for purposes of his Title VII claim. (Doc. no. 11, p. 4). However, the Court granted Plaintiff a final opportunity to amend his complaint in order to cure pleading deficiencies and provided him with instructions to enable him to comply with the Federal Rules of Civil Procedure. (Id. at 5-6). Plaintiff then filed his second amended complaint. (Doc. no. 12). It is this document that the Court will now screen.

## II. DISCUSSION

*Liberally* construing Plaintiff's second amended complaint, the Court finds that Plaintiff seeks to sue Defendants for violations of the ADEA and Title VII. However, this document again falls short of the pleading requirements of the Federal Rules of Civil Procedure and fails to comply with the instructions provided in this Court's prior Orders. As to his ADEA claim, Plaintiff has provided his date of birth as August 31, 1949, making him fifty-nine (59) years old. Thus, Plaintiff falls within the "protected age group" of the ADEA. See 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). Plaintiff has also alleged that he was qualified

3

for the "higher positions" in the "carpet business" because he trained new employees for those positions, who were then transferred to those positions while he was not. (Doc. no. 13, p. 1). However, Plaintiff has failed to indicate whether his employer intended to discriminate on the basis of age when reaching its decision to terminate Plaintiff. See Rowell 433 F.3d at 798 (citing Williams, 656 F.2d at 129). In two of his attachments to his second amended complaint, Plaintiff provides a list of forklift operators working for Defendant RBW Logistics, as well as list of employees who were laid off along with their dates of birth and racial classifications. (Id. at 5-6). However, these lists reveal that other forklift operators who were much younger than Plaintiff, some by as much as thirty (30) years, were also terminated by Defendant RBW Logistics. (Id. at 6). Thus, Plaintiff has failed to demonstrate that his employer acted with the intent to discriminate when terminating Plaintiff from his position.

As to Plaintiff's Title VII claim, Plaintiff's attachments described above identify him as an African American, and therefore within the "protected class" of Title VII. See Joe's Stone Crab, Inc., 220 F.3d at 1286. However, Plaintiff has failed to provide the Court with enough information to determine whether similarly situated employees were treated more favorably than he was treated. See id. The attachments to Plaintiff's second amended complaint reveal that while other African American forklift operators were also terminated from their positions, other Caucasian employees performing the same job were terminated as well. Furthermore, Plaintiff fails to allege or provide any information demonstrating that those outside his "protected class," namely Caucasian employees, were treated more favorably than he was treated. See id. In sum, Plaintiff's second amended complaint again

fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure and this Court's prior Orders, and he has thus failed to state a claim upon which relief can be granted.

While the Court recognizes that Plaintiff is proceeding *pro se*, the Court also recognizes that it has given Plaintiff two opportunities to amend his complaint to conform to the pleading requirements. (Doc. no. 7, p. 3; doc. no. 11, p. 5). Furthermore, the Court has provided Plaintiff with specific instructions on two separate occasions as to how to accomplish this. (Doc. no. 7, pp. 3-4; doc. no. 11, pp. 5-6). Because Plaintiff has failed to comply with the instructions in this Court's prior Orders, the Court finds that another opportunity to amend is not warranted.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 16th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5